```
LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone (702) 454-4900
Facsimile   (702) 938-1055
E-mail Bob@Spretnak.com

FULLER, FULLER & ASSOCIATES, P.A.
Lawrence A. Fuller, Esq. (pro hac vice pending)
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile   (305) 893-9505
E-mail: lfuller@fullerfuller.com

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MEGGS, Individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MIDJIT MARKET, INC., a Nevada ) <br> Corporation d/b/a Green Valley Grocery, ) <br> ) <br> Defendant. ) <br> _____/ | Case No. 2:19-cv-1246 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**AND RELATED STATE LAW CLAIMS**

Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility-impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, MIDJIT MARKET, INC., a Nevada Corporation, d/b/a Green Valley Grocery (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the Nevada Revised Statutes 651.070 *et. seq.* ("Nevada ADA" or "NADA"), and

allege the following:

## COUNT I

## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1. Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, CA  91010, in the County of Los Angeles.

2. Defendant's properties, Green Valley Grocery Stores, are located in the County of Clark at:

| | |
|---|---|
| Green Valley Grocery<br>8601 W. Charleston Blvd.<br>Las Vegas, NV 89117 | Green Valley Grocery<br>3680 W. Tropicana Blvd.<br>Las Vegas, NV 89103 |
| Green Valley Grocery<br>9692 S. Las Vegas Blvd.<br>Las Vegas, NV 89123 | Green Valley Grocery<br>7801 W. Charleston Blvd.<br>Las Vegas, NV 89117 |
| Green Valley Grocery<br>530 E. Craig Road<br>North Las Vegas, NV 83090 | |

3. Venue is properly located in the District of Nevada because venue lies in the judicial district of the property situs.  The Defendant's properties are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*  *See, also*, 28 U.S.C. § 2201 and § 2202.  Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5. Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic.  Mr. Meggs relies on a wheelchair for mobility.  Mr. Megg regularly visits Las Vegas to visit his two daughters, who reside in Las Vegas, his many friends in the area, and to enjoy the entertainment and to gamble.  JOHN MEGGS has visited the subject stores set forth above, and which forms the basis of this

1  lawsuit, on numerous occasions, and plans to return to the subject Green Valley Grocery Stores in
2  the near future to avail himself of the goods and services offered to the public at the properties.
3  Plaintiff, John Meggs has encountered architectural barriers at the subject properties. The
4  barriers to access at the properties have endangered his safety.

5  6. Defendant owns, leases, leases to, or operates the properties described above,
6  which are places of public accommodation as defined by the ADA and the regulations
7  implementing the ADA, see, 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for
8  complying with the obligations of the ADA.

9  7. JOHN MEGGS has a realistic, credible, existing and continuing threat of
10 discrimination from the Defendant's non-compliance with the ADA with respect to the properties
11 as described but not necessarily limited to the allegations in paragraph 9 of this complaint.
12 Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination
13 in violation of the ADA by the Defendant. JOHN MEGGS desires to visit the subject Green
14 Valley Grocery Stores not only to avail himself of the goods and services available at the
15 properties but to assure himself that the properties is in compliance with the ADA so that he and
16 others similarly-situated individuals will have full and equal enjoyment of the properties without
17 fear of discrimination.

18 8. The Defendant has discriminated against the individual Plaintiff by denying him
19 access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages
20 and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

21 9. The Defendant has discriminated, and is continuing to discriminate, against the
22 Plaintiff in violation of the ADA by failing to, inter-alia, have accessible facilities by January 26,
23 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000
24 or less). A preliminary inspection of the subject Green Valley Grocery Stores has shown that
25 violations exist. These violations that JOHN MEGGS personally encountered or observed at the
26 respective stores include, but are not limited to:

A. **Green Valley Grocery, 8601 W. Charleston Blvd., Las Vegas, NV 89117**

1) **Parking and Accessible Routes**

a) There are no compliant accessible parking spaces serving the entrance of the subject Green Valley Grocery store, in violation of ADAAG Sections 4.3 and 4.6, as well as the 2010 ADAS Sections 302 and 502. These conditions are preventing safe parking and unloading by Mr. Meggs from vehicles to access the subject Green Valley Grocery store.

b) The routes from the street, sidewalk, public transportation and parking area to the store entrance violates ADAAG Sections 4.3, 4.5, 4.7 and 4.8 as well as Sections 303, 304, 305, 402, 403, 404, 405 and 406 of the 2010 ADA Standards. These conditions impeded access by Mr. Meggs.

c) The ramps accessing Green Valley Grocery have slopes, cross-slopes and/or side slopes in excess of limits prescribed in Sections 4.3 and 4.8 of the ADAAG and Sections 402, 403 and 405 of the 2010 ADAS. These conditions impeded Mr. Meggs access and created a safety hazard.

2) **Access to Restroom Areas**

a) Green Valley Grocery's restroom lavatory pipes are not insulated, which created a hazard for Mr. Meggs, violating ADAAG Section 4.19 and 2010 ADAS Section 606.

b) The water closet in the Green Valley Grocery restroom violates ADAAG Section 4.16 and Section 604 of the 2010 ADAS which prevented safe use by Mr. Meggs. The water closet lacks proper grab bars.

  c) Dispensers in the restroom are beyond the required ranges and inaccessible to Mr. Meggs as a disabled patron, in violation of the ADAAG and 2010 ADAS.

  d) The restroom door at Green Valley Grocery was obstructed by stored goods. This policy violates ADAAG Section 4.13 and the 2010 ADAS, which prevented Mr. Meggs' use of the restroom without assistance.

**B.** <u>Green Valley Grocery, 9692 S. Las Vegas Blvd., Las Vegas, NV 89123</u>

 1) <u>Parking and Accessible Routes</u>

  a) No compliant unloading areas or accessible parking spaces serve the entrance of the subject Green Valley Grocery. The parking space is located on a slope which prevented safe parking and unloading by Mr. Meggs.

  b) The water dispenser is on a platform and was inaccessible to Mr. Meggs in violation of ADAAG 4.3 and ADAAG 302.

  c) Routes from street, sidewalk, public transit and parking areas violate ADAAG Sections 4.3, 4.5, 4.7 and 4.8 as well as Sections 303-305, 402-406 of the 2010 ADA Standards. Such conditions impeded Mr. Meggs' access as a wheelchair user to make purchases.

  d) Ramps accessing Green Valley Grocery have slopes, cross-slopes and/or side slopes, exceeding limits prescribed in Sections 4.3 and 4.8 of the ADAAG and Sections 402, 403 and 405 of the 2010 ADAS. These conditions impeded Mr. Meggs' access to the facility and created a safety hazard to Mr. Meggs.

2) **Access to Restroom Areas**

    a) Green Valley Grocery's restroom lavatory has no knee or toe space preventing Mr. Meggs' use violating ADAAG Section 4.19 and 2010 ADAS Section 606.

    b) The water closet in the Green Valley Grocery restroom lacks required grab bars and has its flush control on the wall side violating ADAAG Section 4.16 and Section 604 of the 2010 ADAS preventing safe use by Mr. Meggs.

    c) Dispensers in the restroom are beyond the required ranges and inaccessible to Mr. Meggs in violation of the ADAAG and 2010 ADAS.

C. **Green Valley Grocery, 3680 W. Tropicana Blvd., Las Vegas, NV 89103**

  1) **Parking and Accessible Routes**

    a) Slopes and changes of level in the unloading area of accessible parking spaces at the property violate Section 4.6 of the ADAAG and Section 502 of the 2010 ADA Standards. These conditions prevented safe parking and unloading by Mr. Meggs to access the Green Valley Grocery store.

    b) Routes from the street, sidewalk, gas pumps, public transportation and parking to the store entrance violate ADAAG Sections 4.3, 4.5, 4.7 and 4.8, as well as Sections 303-305 and 402-406 of the 2010 ADA Standards. These conditions impede Mr. Meggs' access as a wheelchair user to access the property and the entrance to the store.

    c) Ramps provided to access the store have slopes and/or side slopes exceeding limits prescribed in Section 4.8 of the ADAAG and Sections 402 and 405 of the 2010 ADAS.

     These conditions impeded Mr. Meggs and are hazardous to him as a disabled patron of Green Valley Grocery.

 2) **Access to Restroom Areas**

  a) Green Valley Grocery's restroom lavatory is inaccessible to Mr. Meggs as a wheelchair user, in violation of Section 4.19 of the ADAAG and 2010 ADAS Section 606.

  b) The water closet in the Green Valley Grocery restroom violates ADAAG Section 4.16 and Section 604 of the 2010 ADAS preventing safe use by Mr. Meggs as a disabled patron.

  c) Dispensers in the restroom are beyond the required ranges and inaccessible to Mr. Meggs and in violation of the ADAAG and 2010 ADAS.

  d) The restroom door swings into the clear floor space of the urinal and is lacking adequate space for use by Mr. Meggs and other disabled patrons to exit, violating ADAAG Section 4.13 and 4.23 as well as ADAS Sections 403.2.3 and 404.

**D.** **Green Valley Grocery, 7801 W. Charleston Blvd., Las Vegas, NV 89117**

 1) **Parking and Accessible Routes**

  a) There are no signs for accessible parking spaces serving the subject Green Valley Grocery which makes it difficult to identify disabled parking by Mr. Meggs, and the disabled parking space contains these cross slopes > 2%, violating ADAAG Section 4.6, and 2010 ADAS Section 502. These conditions prevented Mr. Meggs from parking safely and unloading from vehicle to access the store.

b) The ramp provided, violates ADAAG Section 4.8, and 2010 ADAS Sections 302 and 502. These conditions prevented Mr. Meggs from parking safely and unloading from his vehicle to access the store.

c) Routes from the street, sidewalk, public transportation, gas pumps and parking area violate ADAAG Sections 4.3, 4.5, 4.7 and 4.8 as well as Sections 303-305 and 402-406 of the 2010 ADA Standards. These conditions impeded Mr. Meggs' access from the public streets and to the entrance of the facility.

d) The ramps accessing Green Valley Grocery have slopes, cross-slopes and/or side slopes, exceeding limits prescribed and/or lack landings required in Sections 4.3, 4.7 and 4.8 of the ADAAG and Sections 402, 403 and 405 of the 2010 ADAS. These conditions impeded Mr. Meggs and are hazardous to him.

e) The gasoline emergency shut off button is beyond Mr. Meggs' reach, violating ADAAG Section 4.3 and 2010 ADA Standards Section 308 creating a safety hazard.

2) **Access to Restroom Areas**

    a) Green Valley Grocery's restroom lavatory is not accessible to Mr. Meggs, violating ADAAG Section 4.19 and 2010 ADAS Section 606.

    b) The water closet in the Green Valley Grocery restroom violates ADAAG Section 4.16 and Section 604 of the 2010 ADAS which prevented safe use by Mr. Meggs as a disabled patron.

    c) Dispensers in the restroom are beyond the required ranges, inaccessible to Mr. Meggs and in violation of the ADAAG and 2010 ADAS.

   d) There are non-compliant grab bars provided at the water closet, violating Section 4.16 of the ADAAG and ADAS Section 606 which prevented Mr. Meggs from transferring to the toilet seat.

E. **Green Valley Grocery, 530 E. Craig Road, North Las Vegas, NV 89030**

   1) **Parking and Accessible Routes**

      a) No compliant parking or accessible parking spaces serve the entrance of Green Valley Grocery the space is located on a slope preventing safe parking and unloading from Plaintiff's vehicle to access the Green Valley Grocery store.

      b) There is no compliant route to access the Glacier water dispensing machine, gas pumps and the fireworks stand at the property to the store entrance, violating ADAAG Sections 4.3 and 2010 ADAS Section 302. Conditions impeded Mr. Meggs' access as a wheelchair user making purchases and use of the interior elements.

      c) Routes from the street, sidewalk, public transit and parking areas violate ADAAG Sections 4.3, 4.5, 4.7 and 4.8 as well as Sections 303-305, 402-406 of the 2010 ADA Standards. These conditions impede Mr. Meggs' access as a wheelchair user to access the street and store entrance.

      d) Ramps accessing Green Valley Grocery have slopes, cross-slopes and/or side slopes exceeding limits prescribed in Sections 4.3 and 4.8 of the ADAAG and Sections 402, 403 and 405 of the 2010 ADAS. These conditions impeded Mr. Meggs and are hazardous to him as a disabled patron.

   2) **Access to Restroom Areas**

a) Green Valley Grocery's restroom lavatory has no knee or toe space preventing Mr. Meggs' use violating ADAAG Section 4.19 and 2010 ADAS Section 606.

b) The water closet in the Green Valley Grocery restroom lacks required grab bars and has its flush control on the wall side violating ADAAG Section 4.16 and Section 604 of the 2010 ADAS preventing safe use by Mr. Meggs.

c) Dispensers in the restroom are beyond the required ranges and inaccessible to Mr. Meggs as a disabled patron in violation of the ADAAG and 2010 ADAS.

10. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.302 *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or

waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Green Valley Grocery Stores to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA. The Order should further request the Defendant to maintain the required accessible features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

B. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

C. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**

## VIOLATION OF THE NEVADA LAW
## AGAINST DISCRIMINATION - Nevada ADA
### (violation of Nevada Revised Statutes 651.070 *et seq.*)

17. The individual Plaintiff repeats the foregoing allegations as if they were expressly stated herein.

18. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

19. Defendant withheld, denied, deprived and/or attempted to withhold, deny or deprive the Plaintiff the rights and privileges secured to them by NRS 651.070, *et seq.*

20. Pursuant to NRS 651.070, the Plaintiff was and is entitled to the full and equal enjoyment of the facilities and accommodations of any place of public accommodation, including the premises, goods and services of the Defendant, without discrimination or segregation based on his disability.

21. Defendant's actions were in violation of a legal duty owed to the individual Plaintiff.

22. Defendant is and was required to comply with the dictates of the Federal and state laws which forbid discriminatory policies, practices and facilities, including but not limited to architectural barriers.

23. The individual Plaintiff suffered injury to his dignity, mental anguish and humiliation, and other injuries, which were proximately caused by the Defendant's acts and failures to act.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit, is in violation of Nevada Revised Statutes 651.070, *et seq.*

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily

accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. Award compensatory damages to Plaintiff JOHN MEGGS.

D. An award of attorneys' fees, costs and litigation expenses.

E. The Court award such other and further relief as it deems necessary.

DATED: 7/17/19.

Respectfully Submitted,

LAW OFFICES OF ROBERT P. SPRETNAK
By: /s/ Robert P. Spretnak
Robert P. Spretnak, Esq. (Bar No. 5135)

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

FULLER, FULLER & ASSOCIATES, P.A.
By:/s/ Lawrence A. Fuller, Esq.(pro hac vice pending)

12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181

Attorneys for Plaintiff